UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF TENNESSEE
                          EASTERN DIVISION

---

**DONALD R. DAVIS,**

    **Plaintiff,**

v.                                              Civil Action No: _____

**ALL KRAFT ERECTORS, INC.,**
**SHELLEY DAVIS LUCY, and**                     **JURY TRIAL DEMANDED**
**the ESTATE OF ELIZABETH DAVIS,**

    **Defendants.**

---

                              **COMPLAINT**

---

Comes now the Plaintiff, Donald R. Davis ("Plaintiff"), by and through the undersigned counsel, and for his Complaint against All Kraft Erectors, Inc. ("All Kraft"), Shelley Davis Lucy ("Lucy") and the Estate of Elizabeth Davis ("Estate") (Collectively "Defendants"), would state and show as follows:

### JURISDICTION, VENUE, AND PARTIES

1. This action is brought pursuant to the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. and Title 29 of the Code of Federal Regulations ("CFR"), to recover from Defendants unpaid compensation, interest thereon, and a resumption of said compensation; unpaid health insurance contributions and a resumption of said contributions; unpaid retirement benefit contributions and a resumption of said contributions; liquidated damages; punitive damages; costs of suit; and attorney's fees. This action is authorized by 29 U.S.C. § 216, and subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1376.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a

substantial part of the events and/or omissions giving rise to this claim occurred in this District.

3. Defendant, All Kraft Erectors, Inc., a metal fabrication and installation company, is a corporation duly organized under the laws of the state of Tennessee and operates as All Kraft Erectors, Inc. at 305 W. State Line Street, South Fulton, Obion County, Tennessee.

4. Defendant, Shelley Davis Lucy, is an adult woman who resides in Obion County, Tennessee, and at all times material hereto was a principal at All Kraft Erectors, Inc. and is responsible for All Kraft employees' compensation and benefits.

5. Defendant, the Estate of Elizabeth Davis, was opened in Obion County Chancery Court, No. 31,616. The Estate is comprised, in part, of a majority of All Kraft ownership. The Co-Executors of the Estate are Bancorp South and Nancy E. Johnson.

6. All Kraft has availed itself of the privilege of doing business within the state of Tennessee, and is subject to this Court's personal jurisdiction. All Kraft can be served with process through its Registered Agent for Service of Process: CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee, 37929-9710.

7. Upon information and belief, at all times relevant to this action, Lucy has had the power to hire and fire employees of the corporation and to control their wages and benefits.

8. At all times relevant to this action, All Kraft and Lucy were Plaintiff's employers.

9. This action is brought by Plaintiff, an employee of All Kraft, and Plaintiff claims that Defendants are unlawfully denying compensation, retirement benefits, and health insurance benefits.

10. Plaintiff is a 64-year-old man who resides in Obion County, Tennessee, and has been employed by All Kraft since 1971 an was paid a salary of $5,664.60 per month until July 1, 2016.

## FACTUAL ALLEGATIONS

11. All Kraft is and, at all times relevant to this action, has been an "employer" subject to the provisions of the FLSA.

12. At all times material to this Complaint, All Kraft has employed two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have or had been moved in or produced for commerce.

13. At all times material to this Complaint, All Kraft engaged in interstate commerce as defined in 29 U.S.C. § 203(r) and 203(s).

14. At all times material to this Complaint, All Kraft has constituted an enterprise engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).

15. During his employment with All Kraft, Plaintiff is an "employee" entitled to the protections of the FLSA.

16. Plaintiff was Vice-President of the company until his father's death in 2004, at which time Plaintiff became President of All Kraft.

17. Plaintiff is the only officer of the cooperation with a full mechanical license which is required by the state in both Tennessee and Oklahoma to conduct the business of All Kraft.

18. Any business transacted by All Kraft up to and since July 1, 2016 has been conducted under Plaintiff's mechanical license number.

## COUNT ONE – VIOLATION OF FLSA

19. Plaintiff repeats and incorporates by reference each allegation set forth above as if fully set forth herein.

20. All Kraft has violated the FLSA, deliberately, willfully, intentionally, and otherwise, by refusing to pay any compensation to Plaintiff for his position as licensed millwright

and President of All Kraft.

21. As a result of All Kraft's violations of the FLSA, willful, deliberate, intentional and otherwise, Plaintiff has suffered damages in the form of earned but unpaid wages as well as liquidated damages under 29 U.S.C. § 216(b), in a total amount to be determined at trial by jury.

22. As a result of All Kraft's violations of the FLSA, willful, deliberate, intentional and otherwise, Plaintiff is entitled to recover his attorneys' fees and costs incurred in bringing this action under 29 U.S.C. § 216(b).

23. By failing to accurately record, report, and/or preserve records of compensation, retirement benefits, and health insurance benefits due Plaintiff, All Kraft has failed to make, keep, and preserve records sufficient to determine his wages, benefits, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

24. All Kraft's violations of the FLSA are willful within the meaning of 29 U.S.C. § 205(a).

25. All Kraft deliberately and with harmful intent, ceased paying the Plaintiff without proper notice to inhibit his ability to defend in the multiple suits that surround his mother's estate and All Kraft.

26. All Kraft knew that it was an employer that is covered under the FLSA, but All Kraft made the conscious decision to not pay the Plaintiff.

27. At a minimum, based on the knowledge of All Kraft, All Kraft showed reckless disregard for the provisions of the FLSA and their applicability to Plaintiff by refusing to pay compensation.

28. Rather than complying with the FLSA or coming into compliance with the FLSA with regard to Plaintiff, All Kraft made the deliberate decision to avoid compliance and evade the requirements of the FLSA with regard to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a **TRIAL BY JURY** and that this Honorable Court or a jury of his peers be empaneled to provide just, equitable and necessary relief, including but not limited to:

A. A declaratory judgment that Defendant has willfully violated the FLSA;

B. An award to Plaintiff of damages in the amount of all payments shown to be owed to him pursuant to 29 U.S.C. § 216(b);

C. An award to Plaintiff of interest and liquidated damages in an amount equal to the compensation shown to be owed him pursuant to 29 U.S.C. § 216(b);

D. An award to Plaintiff of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b);

E. An Order that Defendants resume regular and timely compensation, retirement benefit contributions, and health insurance contributions as set forth prior to July 1, 2016;

F. An Order that all monies paid to Plaintiff be deducted from Defendant Lucy's share of the Estate to avoid Plaintiff contributing to the payment of his own damages; and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

LAW OFFICE OF M.O. ECKEL III

s/M.O. Eckel III  
M.O. Eckel III (TN# 033278)  
106 E. Liberty Ave.  
Covington, Tennessee 38019  
(901) 476-3599 Telephone  
(901) 313-9760 Facsimile  
eckel@eckel-lawoffice.com

*ATTORNEY FOR PLAINTIFF*

## **COST BOND**

This Firm stands as surety for costs in this matter not to exceed one thousand dollars ($1,000.00).

s/M.O. Eckel III

M.O. Eckel III  
Attorney for the Plaintiff